IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

ANDREW JEROME DIXON,

    **Plaintiff,**

v.

DEVRA ATWOOD, JENNY SAUNDERS,
MELISSA DARTER, CHRIS BRYANT,
DJ LONG, PAUL JOHNSON and KOLBY
CORBELL,

    **Defendants.**

Case No. 24-CV-002-RAW-DES

## OPINION AND ORDER

This civil rights action, brought pursuant to 42 U.S.C. § 1983, is before the court on Defendants Devra Atwood, Jenny Saunders, Melissa Darter, Chris Bryant, Paul Johnson and Kolby Corbell's ("Defendants") Motion to Dismiss ("Motion"). Dkt. No. 23. The court has before it for consideration Plaintiff's Complaint [Dkt. No. 1], Defendants' Motion [Dkt. No. 23], Plaintiff's Response [Dkt. No. 24] and Defendants' Reply [Dkt. No. 26]. After careful review, the court finds the Motion should be **granted**.

### I. Background

At the time he filed the Complaint, Plaintiff was a pro se pretrial detainee being held at the Carter County Detention Center ("CCDC"). *See* Dkt. No. 1 at 2. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations he endured at CCDC. Plaintiff names six Defendants in both their individual and official capacities. *See id.* at 3-5. Plaintiff contends Defendants committed the following constitutional violations: 1) violation of his right to bodily privacy; 2) failure to provide him with the PREA number; 3) impermissible confiscation of his Bible; 4) failure to provide him with books; 5) interference with

his incoming mail; and 6) visitation restrictions.  Dkt. No. 1.  Defendants responded to the Complaint by way of their Motion to Dismiss which is analyzed below.  Dkt. No. 23.

## II. Standard of Review

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed for failure to state a claim upon which relief can be granted "only when it appears that the plaintiff can prove no set of facts in support that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 (10th Cir. 1997)).  When determining whether to grant a motion to dismiss, the district court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint.  *Jojola v. Chaves*, 55 F.3d 488, 494 (10th Cir. 1995).[1]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs*, 336 F.3d at 1201 (internal quotations and citations omitted).

A request for dismissal pursuant to Rule 12(b)(6) requires the court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] Throughout his Response, Plaintiff includes new allegations not contained in his Complaint. *See, e.g.*, Dkt. No. 24.  The court declines to consider these new allegations, and, consistent with the Tenth Circuit's instructions, evaluates the sufficiency of the Complaint based upon the allegations contained within its four corners.

Although the court is required to exercise a liberal interpretation of Plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the court need not assume the role of advocate for Plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

### III. Individual Capacity Claims

Plaintiff first alleges, "Paul Johnson keeps sending Kolby Corbell to my cell while I'm using the bathroom to open my door. He stays at the door and stares and tr[ies] to hold a conversation making me uncomfortable." Dkt. No. 1 at 6.[2] This claim implicates Plaintiff's right to personal privacy. The Tenth Circuit has recognized, "[t]he Constitution protects a prisoner from being forced to unnecessarily expose their naked body[.]" *Griffith v. El Paso County, Co.*, 129 F.4th 790, 824 (10th Cir. 2025).[3] The Tenth Circuit has also recognized, "prisoners retain a limited constitutional right to bodily privacy, 'particularly as to searches viewed or conducted by members of the opposite sex.'" *Moore v. Atherton,* 28 F. App'x 803, 806 (10th Cir. 2001) (unpublished)

---

[2] To the extent this claim is lodged against Defendants Devra Atwood, Jenny Saunders, Melissa Darter or Chris Bryant, the claim is dismissed as Plaintiff failed to allege any specific actions taken by these Defendants to support his claim. *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (Plaintiff must "identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983" claim. (emphasis in original) (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 2011)).

[3] The plaintiff in *Griffith* was a former pretrial detainee. *Griffith*, 129 F.4th at 803.

3

(quoting *Hayes v. Marriott,* 70 F.3d 1144, 1146 (10th Cir. 1995)).[4] "[T]he frequency with which prison guards watch inmates of the opposite sex undressing, using toilet facilities, and showering is an important factor in assessing the constitutionality of prison practices." *Id.* (internal quotations and citations omitted). "[A] plaintiff can state a Fourteenth Amendment claim by alleging facts supporting the inference that the exposure of [his] body was not rationally related to a legitimate governmental objective or was excessive in relation to that purpose." *Griffith,* 129 F. 4th at 824 (alterations, internal quotations and citations omitted).

Considering the Tenth Circuit has held similar viewing by members of the *opposite sex* did not violate a plaintiff's constitutional right, it follows Defendant Corbell's viewing of Plaintiff, a member of the same sex, was not unconstitutional. *See Moore,* 28 F. App'x at 806 (affirming district court's dismissal of male plaintiff's privacy claim premised upon female prison staff viewing him while using the toilet). Further, other courts which have analyzed similar situations concerning individuals of the same sex have concluded such conduct does not rise to the level of a constitutional violation. *See, e.g.*, *Thompson v. Lengrich,* No. 18-CV-588, 2022 WL 1177840, at *8 (D. Colo. Feb. 28, 2022) (analyzing plaintiff's claim that being required to use communal showers violated his right to bodily privacy and noting "courts have repeatedly rejected claims that prisoners have a right to bodily privacy that protects them from being viewed by other inmates of the same sex"); *Guy v. Tanner,* No. 12-CV-187, 2012 WL 1565425, *3 (E.D. La. Mar. 20, 2012) ("As to plaintiff's allegation that prison guards, both male and female, are able to view him on the monitors undressing, using the bathroom, and taking showers, that allegation, even if true, implicates no protected constitutional right."); *Grant v. Reynolds,* No. 23-CV-461, 2025 WL

---

[4] The court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

4

750614, *1, 3 (S.D. Ala. Feb. 12, 2025) *report and recommendation adopted,* 2025 WL 747518 (S.D. Ala. Mar. 7, 2025) (Plaintiff complained he was "arbitrarily forced [] to strip naked and expose himself in front of other inmates[.]" District court concluded, "Plaintiff cannot state a constitutional claim for being viewed naked by inmates or officers of the same sex without facts much more egregious than here.").

Here, Plaintiff does not provide any facts detailing which way he was facing, how close Defendant Corbell was or the frequency of such incidents. *See Moore,* 28 F. App'x at 806. Plaintiff has also failed to allege sufficient facts to allow this court to draw the inference that the exposure was not rationally related to a legitimate governmental objective or excessive in relation to that purpose. *Griffith,* 129 F. 4th at 824. Accordingly, Plaintiff has failed to state a claim for a constitutional violation and Plaintiff's privacy claim is dismissed.

Next, Plaintiff alleges the "PREA number is not posted and Paul Johnson won't give it to me. There's no access to PREA period. It's not acknowledge[d] at this facility." Dkt. No. 1 at 6.[5] This is not a cognizable claim. The Prison Rape Elimination Act ("PREA") "does not create any private right of action for prisoners to sue correctional staff for alleged sexual misconduct." *Woodfork v. Nunn,* No. 21-CV-492-HE, 2022 WL 3008480, at *6 (W.D. Okla. June 29, 2022) (internal citations and quotations omitted) *report and recommendation adopted* 2022 WL 3006847 (W.D. Okla. Jul. 28, 2022); *see also Manning v. Dean,* 23-CV-484-R, 2023 WL 7030582, *4-5 (W.D. Okla. Sep. 25, 2023) *report and recommendation adopted* 2023 WL 7027988 (W.D. Okla. Oct. 25, 2023) (dismissing pretrial detainees § 1983 claim that his rights were violated by defendant's failure to post the PREA hotline number). Nor does the PREA provide Plaintiff with

---

[5] To the extent this claim is lodged against Defendants Devra Atwood, Jenny Saunders, Melissa Darter, Chris Bryant or Kolby Corbell, the claim is dismissed as Plaintiff failed to allege any specific actions taken by these Defendants to support his claim. *Pahls*, 718 F.3d at 1226.

5

a private right of action, enforceable under § 1983, to challenge the processes afforded under the PREA. *See Johnson v. Garrison,* 859 F. App'x 863, 863-64 (10th Cir. 2021) (unpublished) ("To the extent Johnson's due process claim is premised on processes afforded him under the PREA, the district court correctly concluded Johnson has failed to show the PREA provides an inmate with a private right of action, enforceable under § 1983, to challenge that process."). Therefore, Plaintiff's claim premised upon failure to post the PREA number is dismissed.

In his second claim, Plaintiff alleges he is "not allowed any religious materials or reading books." Dkt. No. 1 at 6. He claims this is Defendant Bryant's policy, his Bible was taken from him when he arrived at the Carter County Detention Center, he asked Defendant Atwood if he could have "it", and she said no. *Id.*[6] Addressing Plaintiff's claim concerning his Bible first, "[t]o state a claim for violation of the First Amendment's Free Exercise Clause, a plaintiff must plead facts that plausibly show or allow the inference that the prison regulation or action at issue 'substantially burdened sincerely-held religious beliefs.'" *Khan v. Barela,* 808 F. App'x 602, 614 (10th Cir. 2020) (unpublished) (quoting *Kay v. Bemis,* 500 F.3d 1214, 1218 (10th Cir. 2007)). Plaintiff must also "include sufficient facts to indicate the plausibility that the actions of which he complains were *not* reasonably related to legitimate penological interests." *Ghailani v. Sessions,* 859 F.3d 1295, 1304 (10th Cir. 2017) (emphasis in original) (quoting *Gee v. Pacheco,* 627 F.3d 1178, 1188 (10th Cir. 2010)).

Plaintiff has failed to state a cognizable claim against Defendant Bryant or Defendant Atwood. He has not provided sufficient details to allow this court to draw the inference that the lack of his Bible substantially burdened his sincerely held beliefs. Nor has he alleged facts to

---

[6] To the extent this claim is lodged against Defendants Jenny Saunders, Melissa Darter, Paul Johnson or Kolby Corbell, the claim is dismissed as Plaintiff failed to allege any specific actions taken by these Defendants to support his claim. *Pahls*, 718 F.3d at 1226.

indicate the alleged prohibition on having his Bible was not reasonably related to a legitimate penological interest. For example, Plaintiff does not reveal if his Bible has a hardcover or if there were alternative means to read the Bible available to him. Therefore, his claim premised upon his Bible being taken is dismissed.

Concerning the lack of "reading books," Plaintiff does "have a First Amendment right to receive information while in prison to the extent the right is not inconsistent with prisoner status or the legitimate penological objectives of the prison." *Jacklovich v. Simmons*, 392 F.3d 420, 426 (10th Cir. 2004); *see also Khan* , 808 F. App'x at 606-07 (applying the *Jacklovich* rule to a pretrial detainee's § 1983 claim that defendants deprived him of his First Amendment free-speech right to read hardcover books, newspapers and newspaper clippings). However, as noted, Plaintiff "must include sufficient facts to indicate the plausibility that the actions of which he complains were not reasonably related to legitimate penological interests." *Gee,* 627 F.3d at 1188 (emphasis omitted). An inmate need not "identify every potential legitimate interest and plead against it." *Id.* But he must "plead facts from which a plausible inference can be drawn that the action was not reasonably related to a legitimate penological interest." *Id.* Plaintiff has not provided any facts regarding the "reading materials" he wished to possess. Therefore, this court cannot draw the inference that the action was not reasonably related to a legitimate penological interest. Accordingly, his claim premised upon the lack of "reading books" is likewise dismissed.

In his third claim, Plaintiff alleges the "jail stopped giving us our mail. They started scanning some mail. They aren't scanning the envelope the mail came in. Some mail they put straight into my property and didn't notify me I had mail." Dkt. No. 1 at 7. This claim fails because Plaintiff has failed to allege any specific actions taken by any Defendant. *Pahls*, 718 F.3d at 1226. Plaintiff named six Defendants in this action, yet he fails to identify which Defendant is

7

allegedly depriving him of his mail or scanning it erroneously. Nor does Plaintiff provide sufficient factual details "to indicate the plausibility that the actions of which he complains were not reasonably related to legitimate penological interests." *Gee,* 627 F.3d at 1188. Plaintiff does not reveal the nature of the mail (legal or regular). Nor can the court discern if plaintiff was wholly deprived of his incoming mail or if he is simply dissatisfied with the manner he received it. For these reasons, Plaintiff's claim premised upon his receipt of mail is dismissed.

Finally Plaintiff alleges, "[t]here is no personal visits. Only kiosk visits. We only get 1 free visit per month." Dkt. No. 1 at 7. Once again, Plaintiff fails to allege which of the six Defendants is allegedly responsible for limiting his visits. *Pahls*, 718 F.3d at 1226. For this reason alone, Plaintiff's claim fails. Additionally, "the Supreme Court has held that inmates have no right to unfettered visitation. Rather, prison officials necessarily enjoy broad discretion in controlling visitor access to a prisoner." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citing *Ky. Dep't of Corr. v. Thompson,* 490 U.S. 454, 460 (1989)); *see also Block v. Rutherford,* 468 U.S. 576, 589 (1984) ("[T]he Constitution does not require that detainees be allowed contact visits when responsible, experienced administrators have determined, in their sound discretion, that such visits will jeopardize the security of the facility."). To the extent Plaintiff complains he has only been permitted one, virtual visit a month, he fails to state a constitutional violation. *See Kanatzar v. Cole,* No. 17-CV-3115, 2017 WL 5970836, at *5-6 (D. Kan. Dec. 1, 2017) (dismissing plaintiff's claim challenging video visitation and noting plaintiff "has no fundamental right to visitation, let alone a right to an in-person visitation through glass windows as opposed to a video visitation"). This claim is dismissed.

### IV. Qualified Immunity

Defendants assert they are entitled to qualified immunity. *See* Dkt. No. 23 at 11-14. "If a

plaintiff fails to state a valid claim, we need not even reach the issue of the qualified immunity defense." *Moore v. City of Wynnewood*, 57 F.3d 924, 931 (10th Cir. 1995). Since the court concludes Plaintiff failed to state a valid claim showing a deprivation of a constitutional right, the court will not address the issue of qualified immunity.

### V. Official Capacity Claims

Plaintiff alleges he is suing all Defendants in their official capacities as well. *See* Dkt. No. 1 at 5. A claim against a state actor in his official capacity "is essentially another way of pleading an action against the county or municipality" he or she represents, and is considered under the standard applicable to § 1983 claims against municipalities or counties. *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010). For a defendant to be held liable in his or her official capacity, Plaintiff must establish that "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *Walker v. City of Orem*, 451 F.3d 1139, 1152 (10th Cir. 2006) (internal quotations and citations omitted). The absence of a constitutional violation by the officers of a municipality precludes a finding of liability against the municipality itself. *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993).

Defendants Atwood, Saunders, Darter Johnson and Corbell contend they do not have an "official capacity" under Oklahoma law. Dkt. No. 23 at 5-6. Defendant Bryant argues Plaintiff has failed to state a plausible official capacity claim against him. *Id.* at 11[7]. Since the court concludes Plaintiff has not stated a claim for a constitutional violation by any named Defendant,

---

[7] Defendant DJ Long, in his official capacity as Sheriff of Carter County, was substituted in the place of Chris Bryant, in all pending official capacity claims against Chris Bryant. Dkt. No. 32. Accordingly, any official capacity claim originally asserted against Chris Bryant is now asserted against DJ Long.

Plaintiff's official capacity claims likewise fail. Plaintiff's official capacity claims are dismissed.

### VI. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [Dkt. No. 23] is **GRANTED.** **IT IS HEREBY ORDERED** that:

1. Plaintiff's § 1983 claims against Defendants Devra Atwood, Jenny Saunders, Melissa Darter, Chris Bryant, DJ Long, Paul Johnson and Kolby Corbell are DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6);

2. This dismissal shall count as a "prior occasion" or "strike," pursuant to 28 U.S.C. § 1915(g); and

3. A separate judgment of dismissal shall be entered in favor of Defendants and against Plaintiff.

Dated this 28th day of March, 2025.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**